21181

The STATE, Respondent, v. Howard D. HALYARD, Appellant.

(264 S. E. (2d) 841)

*Michael P. O'Connell, Asst. Public Defender,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

April 1, 1980.

LITTLEJOHN, Justice:

Appellant Howard D. Halyard was convicted of armed robbery and possession of a sawed-off shotgun. Appellant now asserts the trial judge erred in denying his motion for a directed verdict of acquittal on the charge of possession of a sawed-off shotgun. We affirm.

On the evening of May 31, 1978, a clothing store in Charleston was robbed by two armed black males carrying an automatic pistol and a sawed-off shotgun. The two men entered the store, forced the persons inside to lie on the

floor at gunpoint, and proceeded to steal several hundred dollars in cash and numerous articles of clothing. After approximately twenty-five minutes, the men fled the scene in a car described as a blue late model Dodge Dart or Plymouth Duster. The rear of the vehicle was jacked up and had very loud exhaust pipes. A police bulletin was issued describing both the suspects and the car.

Several hours after the robbery, a patrolman observed a car generally matching the description of the car in the police bulletin. The officer followed the car for several blocks until the driver stopped the car of his own accord. As the officer was examining the driver's license and car registration, one of the officers who had earlier been at the clothing store, interviewing eyewitnesses, arrived on the scene. He noticed that both the driver and passenger (appellant) matched the general description of the robbery suspects and that the driver was wearing a type of trousers described by the store owner as among the type of trousers stolen during the robbery. The driver's trousers still carried the threads of a detached size label. Following these observations both the driver and appellant were placed under arrest.

A search of the appellant revealed an automatic pistol concealed in his pants. One of the officers peered through the driver's window and saw a portion of a shotgun protruding from underneath the driver's side of the front seat. The shotgun and several items reported stolen from the clothing store were removed from the car.

At trial, three eyewitnesses positively identified appellant as a participant in the robbery, but these same eyewitnesses also testified that appellant was not the person carrying the shotgun.

The appellant, asserts the trial court erred in refusing to direct a verdict of acquittal in his favor when there was insufficient evidence to prove him as being in possession of the shotgun.

This court has repeatedly recognized that a conviction for possession of contraband drugs requires proof of actual or constructive possession, coupled with knowledge of the presence of the drugs. To prove constructive possession the State must show a defendant had dominion and control, or the right to exercise dominion and control over the substance. Such possession may be established by circumstantial as well as direct evidence. More than one person may possess the same personal property simultaneously. *State v. Brown*, 267 S. C. 311, 227 S. E. (2d) 674 (1976); *see also State v. Wise*, . . . . S. C. . . . ., 252 S. E. (2d) 294 (1979); *State v. Ellis*, 263 S. C. 12, 207 S. E. (2d) 408 (1974); *State v. Tabory*, 260 S. C. 355, 196 S. E. (2d) 111 (1973).

Although this court has never before so held, the same principles are applicable in regard to possession of firearms or other objects. *See United States v. Richardson*, 504 F. (2d) 357 (5th Cir. 1974), *cert. den.* 420 U. S. 978, 95 S. Ct. 1406, 43 L. Ed. (2d) 659 (1974).

The rule is that unless there is a failure of competent evidence tending to prove the charge in the indictment, a trial judge should refuse a defendant's motion for a directed verdict of acquittal. *State v. Tyner*, . . . . S. C. . . . ., 258 S. E. (2d) 559 (1979).

We believe the evidence here, taken in the light most favorable to the State was more than sufficient to make a jury issue as to whether appellant was in constructive, if not actual, possession of the sawed-off shotgun at the time he was arrested.

Courts in other jurisdictions have held on similar facts that the question of possession was properly submitted to the jury and that the jury was justified in finding the defendant in possession of the firearm. *See County Court of Ulster v. Allen*, 442 U. S. 140, 99 S. Ct. 2213, 60 L. Ed. (2d) 777 (1979); *People v. Gant*, 70 Cal. Rptr. 801, 264 Cal. App. (2d) 420 (1968); *Kennedy v. State*, 136 Ga. App.

305, 220 S. E. (2d) 788 (1975); *People v. Cannon,* 18 Ill. App. 3d 781, 310 N. E. (2d) 673 (1974), and cases cited therein; *Commonwealth v. Albano,* 373 Mass. 132, 365 N. E. (2d) 808 (1977); *State v. Dobbins,* 277 N. C. 484, 178 S. E. (2d) 449 (1971).

The trial court's denial of appellant's motion for a directed verdict is affirmed. All other matters raised on appeal are without merit and are dismissed pursuant to Rule 23 of the Rules of Practice of this Court.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.