0520

The STATE, Respondent, v. Raymond W. HILL, Jr., Appellant.

(333 S. E. (2d) 789)

Court of Appeals

*H. Michael Spivey* and *Susan L. Pringle*, Mauldin, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Amie L. Clifford,* Columbia; and *Sol. William B. Traxler, Jr.,* Greenville, *for respondent.*

Heard May 20, 1985.

Decided July 9, 1985.

SHAW, Judge:

Appellant Raymond W. Hill, Jr. was charged by grand jury with six counts of failure to pay materialmen for materials furnished in erection of a building, in violation of S. C. Code Ann. §§ 29-7-10, 29-7-20 (1976 & Supp. 1984). At hearings on motions to quash and amend the indictment, Hill argued in his place, his business should be charged, for his actions were taken on behalf of, and in his capacity as officer and director of, the corporation. The circuit court denied the motions and, following a bench trial, entered judgment of guilty. Hill appeals denial of the motions. We affirm.

When a legal non-jury action is appealed, "findings of fact of the judge will not be disturbed . . . unless found to be without evidence . . . reasonably" supporting them. *Townes Associates Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976).

In 1979 Hill and his spouse incorporated Design Dimensions, Ltd. for the general purpose of developing and improving real property. The Hills elected themselves directors and Hill president and treasurer. The corporation issued 700 shares, 400 to Hill. The circuit court found Hill was solely responsible for day to day operations of the business.

In late 1981 Design Dimensions and the William B. Cummings contracted for construction of a residence. In early 1982 Cummings learned although he had given Design Dimensions $65,000 in advances, Hill had failed to pay several materialmen. When Cummings asked for an accounting, Hill refused, stating the contract did not require an accounting. The court found in other respects Hill's "conduct [and] attitude is simply incredulous *[sic]."* At trial Hill produced cancelled checks for the Cummings job for only $44,363.72. The court found Hill had deposited checks written by Cummings with his own funds and charged personal expenses to Cummings' account. In late 1982 Design Dimensions filed a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701-766.

We agree with the reasoning of the circuit court in denying the motions to quash and amend the indictment: when a person causes a corporation to commit a crime, he cannot invoke the existence of the corporation to shield him from prosecution.

Neither the Supreme Court nor this court have faced the question of personal liability of officers and directors of corporations as agents for criminal activity committed on behalf of the entity. *Cf. Charleston Oil Co. v. Poulnot,* 143 S. C. 283, 141 S. E. 454, 459 (1928) (the court considered the personal liability of officers and employees under a criminal statute explicitly applying to persons); *Sturkie v. Sifly,* 280 S. C. 453, 313 S. E. (2d) 316, 318-319 (Ct. App. 1984) (this court considered the personal liability of shareholders for improper distribution of corporate property under the doctrine of "piercing the corporate veil").

Nevertheless, there is substantial authority for our holding. "Officers, directors and agents of a corporation may be held criminally liable individually for participating in a violation of the criminal law while conducting the corporate business." *State v. Seufert,* 49 N. C. App. 524, 271 S. E. (2d) 756, 759-760 (1980); *see State v. Louchheim,* 296 N. C. 314, 250 S. E. (2d) 630, 639-640 (1979), *cert. denied,* 444 U. S. 836, 100 S. Ct. 71, 62 L. Ed. (2d) 47 (1979). "An officer cannot avoid criminal responsibility for an illegal act on the ground that it was done in his official capacity or through the instrumentality of the corporation which he controls and dominates and which he has employed for that purpose." *Bourgeois v. Commonwealth,* 217 Va. 268, 227 S. E. (2d) 714, 718 (1976). " 'An officer or an agent cannot shield himself from criminal responsibility for his own acts on the ground that they were done in his official capacity as an officer or an agent of such corporation.' " *Thompson v. State,* 85 Ga. App. 298, 69 S. E. (2d) 206, 207 (1952) (quoting *Bailey v. State,* 84 Ga. App. 839, 67 S. E. (2d) 830, 833 (1951).

Affirmed.

BELL and CURETON, JJ., concur.