635 S.E.2d 18

The STATE, Respondent,

v.

Ted Lee HEATH, Appellant.

No. 26200.

Supreme Court of South Carolina.

Heard April 6, 2006.

Decided Aug. 14, 2006.

James W. Boyd, of Boyd & Jordan, of Rock Hill, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, and Solicitor Thomas E. Pope, of York, for Respondent.

Chief Justice TOAL:

A jury found Ted Lee Heath (Appellant) guilty of trafficking in crack cocaine. This appealed followed. We reverse and hold that Appellant was entitled to a directed verdict because the State failed to present evidence that Appellant was in constructive possession of crack cocaine.

### FACTUAL / PROCEDURAL BACKGROUND

Appellant, who was twenty-two years old at the time of the arrest, lived in a house with his mother and a young child. Appellant's mother owned the house.

The police obtained a warrant to search for crack in and around the house. When the police arrived at the house to execute the warrant, Appellant and his brother were outside in front of the house. Appellant appeared to have just finished washing his car in front of the house. Appellant remained by the car in front of the house as the officers approached.

Upon the police officers' arrival, Appellant's brother immediately ran into the house and locked himself in the bathroom. After Appellant's brother was restrained, the police discovered crack cocaine and approximately two thousand, five hundred dollars in cash. In addition, the officers discovered scales and a small crack rock in the house. Further, officers discovered numerous plastic baggies; allegedly the type used by crack dealers.

Additionally, and at the center of this appeal, a police dog discovered a car-washing mitt in a recycling bin near the back door of the house containing 43.48 grams of crack cocaine.

A jury convicted Appellant of trafficking crack cocaine and Appellant was sentenced to 25 years imprisonment. We certified this case from the court of appeals pursuant to Rule 204(b), SCACR. Accordingly, the issue before this Court is:

Did the trail court err in failing to direct a verdict in favor of Appellant because of the State's failure to establish an essential element of the crime?

### LAW / ANALYSIS

A defendant is entitled to a directed verdict when the State fails to present evidence of the offense charged. *State v. McHoney,* 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001). In determining whether the trial court erred in denying a motion for directed verdict, we must view the evidence in the light most favorable to the State. *State v. Ballenger,* 322 S.C. 196, 198, 470 S.E.2d 851, 853 (1996).

The State alleges that Appellant violated South Carolina Code section 44–53–375(C). The Code provides that a "person . . . who is knowingly in actual or constructive possession of ten grams or more of . . . crack cocaine . . . is guilty of" trafficking in crack cocaine. The record reflects that the police found 43.48 grams of crack cocaine at Appellant's residence. The State does not dispute that Appellant was not in actual possession of the crack. Accordingly, the issue presented is whether the State proved that Appellant was knowingly in constructive possession of crack.

Mere presence is insufficient to prove constructive possession. *State v. Tabory,* 260 S.C. 355, 364, 196 S.E.2d 111, 113 (1973). In order to prove constructive possession, the "State must show a defendant had dominion and control, or the *right to exercise dominion and control* over the [illegal substance]." *State v. Halyard,* 274 S.C. 397, 400, 264 S.E.2d 841, 842 (1980) (emphasis added). Further, the State may establish constructive possession by either circumstantial or direct evidence. *Id.* The defendant's knowledge and possession may be inferred if the substance was found on premises

under his *control.* *State v. Adams,* 291 S.C. 132, 135, 352 S.E.2d 483, 486 (1987) (emphasis added).

In the present case, the police discovered crack in a car-washing mitt in a recycling bin outside near the back door of the house. The State presented no direct or circumstantial evidence linking Appellant to the 43.48 grams of crack. As a result, the question becomes whether Appellant had dominion and control over the property where the crack was found.

We hold that the State failed to present evidence that Appellant could exercise dominion and control over the area where the crack was found. Appellant lived in the home where the crack was found. However, the home is owned by Appellant's mother. As a result, it is arguable that Appellant merely had a right to access the area where the crack was found, not actual dominion and control of the property.

## CONCLUSION

Accordingly, we reverse Appellant's conviction because the State failed to establish an essential element of the crime charged.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.