THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Christine Grove, Appellant,
 
 
 

Appeal From Georgetown County
 John M. Milling, Circuit Court Judge
Unpublished Opinion No. 2008-UP-278
Submitted May 1, 2008  Filed May 27, 2008   
AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Asst. Deputy Atty. Gen. Salley W. Elliot, all of
 Columbia; and Solicitor John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Christine Grove appeals her
 convictions for possession with intent to distribute marijuana and cocaine.  We
 affirm.
FACTS
Deputy Sean Seebode observed a car backing out of a
 power substation at 3:30 a.m. on December 14, 2005.  When he pulled in to
 investigate, he observed two women in the vehicle: Grove, and the driver Bianca
 Ford.  Seebode inquired as to their reason for being at the substation so early
 in the morning, and the two replied they had stopped so Grove could go to the
 bathroom in the neighboring woods.  Seebode checked Fords drivers license and
 called in Groves name and birthdate, as she did not have identification on her
 person.  While Seebode checked the identifications, Corporal Jennifer Flowers
 joined him at the scene.  Both Seebode and Flowers asked for permission to
 search the vehicle, and Ford verbally consented on each occasion.  
Once consent was
 given, Ford and Grove were then directed to exit the vehicle, and Flowers
 conducted an initial pat down.  Flowers subsequent search of the vehicle
 revealed a film canister containing three individually-wrapped bags of
 marijuana and six bags of cocaine located under the passenger seat, and five
 bags of marijuana beside the drivers seat.  Grove and Ford were placed under
 arrest and taken into custody.  Thereafter, Flowers conducted a more thorough pat
 down and search incident to arrest of both women, finding $634 in cash on Grove.[1] 
Grove was indicted
 for possession with intent to distribute marijuana and cocaine, and a jury trial
 was held.  After the State presented its case, Grove moved for a directed
 verdict, contending the State failed to show she had constructive possession of
 the drugs since she was a passenger in a car that belonged to Ford.  This
 motion was denied.  Grove presented no evidence in her defense and renewed her
 motion for directed verdict at the close of the case.  That motion was denied,
 and the jury found Grove guilty of possession with intent to distribute cocaine
 and marijuana.  She was sentenced to fifteen years imprisonment.  This appeal
 followed. 
STANDARD OF REVIEW
When
 considering a motion for directed verdict, the trial court is concerned with the
 existence or nonexistence of evidence, not its weight.  State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  A defendant is entitled to a
 directed verdict when the State fails to present evidence of the offense
 charged.  Id.  When reviewing a denial of a directed verdict, an
 appellate court views the evidence and all reasonable inferences in the light
 most favorable to the State.  Id.  If there is any direct evidence or
 any substantial circumstantial evidence reasonably tending to prove the guilt
 of the accused, the appellate court must find the case was properly submitted
 to the jury.  Id. at 292-93, 625 S.E.2d at 648.
LAW/ANALYSIS
Grove
 argues the trial court erred in denying her motion for directed verdict as the State
 failed to prove she had possession of the cocaine and marijuana that was found
 in the vehicle owned by her co-defendant.  We disagree.
A
 conviction of possession requires proof of actual or constructive possession of
 an illegal substance and knowledge of its presence.  State v. Muhammed,
 338 S.C. 22, 26, 524 S.E.2d 637, 639 (Ct. App. 1999).  To establish
 constructive possession, the State must prove the defendant had dominion and
 control, or the right to exercise dominion and control, over an illegal
 substance.  State v. Heath, 370 S.C. 326, 329, 635 S.E.2d 18, 19
 (2006).  This can be shown through circumstantial or direct evidence.  Id.  Here, a film canister containing individual bags of cocaine and marijuana was
 found just under the front lip of the passenger seat, an area easily accessible
 to Grove.  Additionally, a search of Groves person revealed $634 in cash, the
 existence of which, Flowers testified, when combined with individually packaged
 drugs, was often a good indication of drug distribution activity.  Furthermore,
 Grove was a close acquaintance of the owner of the vehicle, Ford, who testified
 the two had attended a bowling party and smoked marijuana earlier in the
 evening.
Viewing
 these facts in the light most favorable to the State, as we must under our
 standard of review, we find there exists sufficient evidence in the record to
 support the trial judges decision to submit the issue of actual or
 constructive possession to the jury.  Accordingly, the decision of the trial
 court is 
AFFIRMED.[2]
HEARN,
 C.J., and SHORT, J., and KONDUROS, J., concur.

[1] Ford testified that the money was actually hers and
 Grove was just holding it for her.
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.