THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Clarence
 Glover, Appellant.
 
 
 

Appeal From Hampton County
 John  L.  Breeden, Circuit Court Judge
Unpublished Opinion No. 2008-UP-671
Submitted December 1, 2008  Filed
 December 9, 2008    
AFFIRMED

 
 
 
 Deputy Chief Attorney Wanda H. Carter, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Julie M. Thames, all of Columbia; and Solicitor I. McDuffie 
 Stone, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Clarence Glover appeals his
 conviction of possession with intent to distribute powder cocaine, arguing the
 trial court erred by failing to direct a verdict.  Specifically, Glover
 argues the State did not present any evidence tending to prove he actually or
 constructively possessed the cocaine found by police.
Viewing the evidence in the light most favorable to the State,
 evidence exists which reasonably tends to prove Glovers guilt.  Two officers
 testified Glover was present when the drugs were discovered.  Furthermore,
 there were eleven cell phones discovered, indicative of a drug operation, and
 Glover was found with $6,000 on his person.  Thus, sufficient evidence exists
 to suggest the drugs were under Glovers control and knowledge.  Accordingly,
 the trial court did not err by failing to direct a verdict and properly
 submitted this case to the jury.  See State v. McHoney, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) (If there is any
 direct evidence or substantial circumstantial evidence reasonably tending to
 prove guilt of the accused, we must find the case was properly submitted to the
 jury.); State v. Heath, 370 S.C. 326, 329, 635 S.E.2d 18, 19 (2006)
 (holding constructive possession can be proven through direct or circumstantial
 evidence).

AFFIRMED.[1]
ANDERSON,
 HUFF, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.