THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Geronimo
 Morisset, Appellant.
 
 
 

Appeal From Charleston County
G. Edward Welmaker, Circuit Court Judge
Unpublished Opinion No.  2010-UP-476
Submitted November 1, 2010  Filed
 November 1, 2010  
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Deputy Attorney General Christina J. Catoe, all of Columbia; and
 Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: Geronimo
 Morisset appeals his conviction for possession
 with intent to distribute cocaine base crack, trafficking cocaine in excess of
 ten grams but less than twenty-eight grams, and possession of a firearm during
 the commission of a violent crime.  On appeal, Morisset contends the trial
 court erred in denying his motion for a directed verdict because the State
 failed to prove Morisset exercised dominion and control over the area where the
 drugs were found.  We disagree.
South Carolina courts have "repeatedly recognized that a
 conviction for possession of contraband drugs requires proof of actual or
 constructive possession, coupled with knowledge of the presence of the drugs."  State v. Halyard, 274 S.C. 397, 400,
 264 S.E.2d 841, 842 (1980).  "Constructive
 possession occurs when the person charged with possession has dominion and
 control over either the drugs or the premises upon which the drugs were found."  State v. Mollison, 319 S.C. 41, 45, 459 S.E.2d 88, 91 (Ct. App. 1995).  "Such
 possession may be established by circumstantial as well as direct evidence."
  Halyard, 274 S.C. at 400, 264 S.E.2d at 842.  "When ruling on a motion for a directed verdict, the trial
 court is concerned with the existence or nonexistence of evidence, not its
 weight."  State v. Weston, 367 S.C. 279, 292, 625 S.E.2d 641, 648
 (2006).  
The
 State produced evidence of Morisset's dominion and control over the entire
 residence where the drugs and gun were found: Morisset was the only resident present
 at the time of the search, police found paperwork associating Morisset to the
 residence in the living room and bedroom, and police found Morisset's GED
 certificate displayed on the living room wall.  The Record also revealed drugs as
 well as drug manufacturing and distribution materials in the residence.  Thus,
 viewing the evidence in the light most favorable to the State, the evidence
 supported submitting the case to the jury.  
AFFIRMED.[1]
FEW,
 C.J., SHORT and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.