THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jonathan Vick, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2011-UP-116
 Submitted March 1, 2011  Filed March 23,
2011    

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Barry
 Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Jonathan Vick appeals his conviction for threatening a
 public official, arguing the trial court erred in denying his directed verdict
 motion. We affirm.[1]
FACTS
On
 April 30, 2006, Vick blocked the hatch on his cell door when Officer Derrick
 Jefferson Green opened the hatch to give Vick his food at the Spartanburg
 County Detention Center (the Detention Center).  Then, Corporal Alvin Jennings,
 Jr. opened the cell door in order to stop Vick from blocking the hatch. 
 Jennings and Vick became involved in an altercation during which Vick yelled, "I'm
 going to kill you and your f***ing family."  Vick was charged with
 assaulting a local correctional employee and threatening the life of a public
 official.  At trial, Vick moved for a directed verdict on the threatening a
 public official charge, arguing the State failed to prove Jennings was a public
 official, which the trial court denied.  The jury found Vick guilty of both charges. 
 The trial court sentenced Vick to a three-year sentence for assaulting a local
 correctional employee and a concurrent three-year sentence for threatening the
 life of a public official.  This appeal followed.
LAW/ANALYSIS
Jonathan
 Vick argues the trial court erred in denying his directed verdict motion
 because the State failed to prove Jennings was a public official.  We disagree. 
"A defendant
 is entitled to a directed verdict when the State fails to present evidence of the
 offense charged."  State v. Heath, 370 S.C. 326, 329, 635 S.E.2d
 18, 19 (2006).  "If there is any direct evidence or substantial
 circumstantial evidence reasonably tending to prove the guilt of the accused,
 [the appellate court] must find the case was properly submitted to the jury."  State v. Stanley, 365 S.C. 24, 42, 615
 S.E.2d 455, 464 (Ct. App. 2005).  "When ruling on a motion for a
 directed verdict, the trial court is concerned with the existence or
 nonexistence of evidence, not its weight."  State v. Weston, 367
 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  "The
 State has the burden of proof as to all the essential elements of the crime."  State v. Brannon, 388 S.C. 498, 502, 697 S.E.2d 593, 596 (2010).  "When
 reviewing a denial of a directed verdict, this Court views the evidence and all
 reasonable inferences in the light most favorable to the state."  Weston,
 367 S.C. at 292, 625 S.E.2d at 648.  
 A person is guilty
 of threatening a public official when he "knowingly and willfully . . .
 deliver[s] or convey[s] to a public official . . . [a] verbal . . .
 communication which contains a threat to take the life of or to inflict bodily
 harm upon the public official . . .  or members of his
 immediate family if the threat is directly related to the public official's . .
 .  responsibilities."   S.C. Code Ann. § 16-3-1040(A) (2003).  A
 public official is "an elected or appointed official of the United States
 or of this State or of a county, municipality, or other political subdivision
 of this State."  S.C. Code Ann. § 16-3-1040(E)(1) (2003).  
Here,
 evidence exists showing Jennings was a public official because he was appointed
 by the department head of the Spartanburg County jails and detention centers.  See Spartanburg, S.C., Code § 46-32 (1994) (authorizing the department head of
 Spartanburg County jails and detention centers to appoint officers for the
 operation of the jails and detention centers).  Furthermore, Jennings, as a detention
 officer, has a similar status to a deputy appointed by the sheriff.  See Spartanburg, S.C., Code § 46-47 (1994) (stating the officers appointed by the
 department head of the Spartanburg County jails and detention centers will have
 similar powers and duties as deputies appointed by the sheriff).
Accordingly,
 we find the trial court did not err in denying Vick's motion for a directed
 verdict.   For the foregoing reasons, the decision of the trial court is  
AFFIRMED.
HUFF, SHORT, and
 PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.