725 S.E.2d 487

**The STATE, Respondent,**

v.

**Robert WHITESIDES, Appellant.**

**No. 27110.**

Supreme Court of South Carolina.

Heard Feb. 23, 2012.

Decided April 4, 2012.

---

8. S.C.Code Ann. § 30-4-80 (2007). I am unaware of any special notice requirements applicable to appellant or her attorney.

314

Blake A. Hewitt and John S. Nichols, both of Bluestein, Nichols, Thompson and Delgado, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, and Assistant Attorney General Ashley A. McMahan, all of Columbia, for Respondent.

Justice PLEICONES.

After a bench trial, appellant was convicted of possession of a firearm during the commission of the crime of trafficking in marijuana. On appeal, he contends that the trial court erroneously convicted him without finding that a nexus existed between his possession of firearms and his drug trafficking. While we agree that a nexus between the possession of the firearm and the underlying violent crime must be established, we find that the trial judge made a factual finding that such a

nexus existed in this case and that the finding was supported by evidence in the record. We therefore affirm.

## FACTS

In December 2007, appellant was arrested in the parking lot outside his apartment after authorities received information identifying him as a marijuana dealer. After appellant's arrest, law enforcement personnel recovered marijuana from his person; a pistol from the door panel of his car; marijuana in jars and bags, scales, smoking pipes, and other drug paraphernalia from his apartment; and approximately twenty pounds of marijuana and a .357 caliber pistol along with a few other items from a safe appellant owned. Appellant pleaded guilty to two marijuana trafficking charges. After a bench trial at which the statements of several witnesses were admitted into the record, he was found guilty of possession of a firearm during commission of a violent crime in violation of S.C.Code Ann. § 16–23–490(A) (2003). This appeal followed.

## ISSUES

1. Does the crime of possession of a firearm during the commission of a violent crime require proof of a nexus between possession of the firearm and the violent crime?

2. Was such a nexus established in this case?

## DISCUSSION

Appellant contends that the crime of possession of a firearm during the commission of a violent crime requires proof of a nexus between the possession and the violent crime, so that mere proof of constructive possession of a firearm is insufficient to support a conviction. We agree, and hold that the State must prove a nexus between the predicate offense and the defendant's actual or constructive possession of a firearm during its commission.

Section 16–23–490(A) imposes a penalty, in addition to the penalty for the underlying offense, on those convicted of possessing a firearm during the commission of a violent crime. It provides, in pertinent part:

(A) If a person is in possession of a firearm or visibly displays what appears to be a firearm or visibly displays a knife during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime as defined in Section 16–1–60,[1] he must be imprisoned five years, in addition to the punishment provided for the principal crime.

Appellant argues, and we agree, that the statute must be interpreted as requiring a nexus between the underlying violent crime and the possession of a firearm.

 "In the interpretation of statutes, our sole function is to determine and, within constitutional limits, give effect to the intent of the legislature, with reference to the meaning of the language used and the subject matter and purpose of the statute." *State v. Ramsey*, 311 S.C. 555, 561, 430 S.E.2d 511, 515 (1993). The words of the statute must be given their ordinary meaning unless something in the statute indicates that the legislature intended a different meaning. *Mid–State Auto Auction of Lexington, Inc. v. Altman*, 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). "In interpreting a statute, the language of the statute must be read in a sense that harmonizes with its subject matter and accords with its general purpose." *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011).

The subject matter and general purpose of the statute lead us to conclude that the General Assembly intended to penalize possession of a firearm only when possession furthers or is intended to further a violent crime. The statute punishes the visible display of a knife or an object that appears to be a firearm during the commission of a violent crime. Visibly displaying a knife or an object that appears to be a firearm furthers the criminal's objectives by increasing the cost of resistance or interference. Thus, a nexus is inherent in this prohibited conduct.

The statute also criminalizes the possession [2] of a firearm during the commission of a violent crime even if not visibly

---

1. S.C.Code § 16–1–60 (Supp.2007) provides that drug trafficking as defined in § 44–53–370(e) is a violent crime.

2. The element of possession required under the statute is unaffected by our holding today. We have held that the term "possession" embraces

displayed. Because a firearm has greater power to inflict harm, its mere presence at the scene of the crime is a greater threat than that of a knife or an object that appears to be a firearm. Thus, the General Assembly determined that merely possessing a firearm in furtherance of a violent crime warrants a penalty.

However, the fact that the General Assembly sought to deter even the possession of a firearm in connection with a violent crime does not suggest that it intended to criminalize any possession of a firearm, no matter how unrelated, during the commission of a violent offense.[3] The General Assembly's evident purpose was to increase the penalty of engaging in more dangerous conduct, whether that conduct is displaying a knife, firearm, or object that appears to be a firearm or possessing a firearm in furtherance of a violent offense. The General Assembly's purpose would not be furthered by penalizing possession of a firearm that is entirely unrelated to the violent offense. Indeed, finding that no nexus is required may raise constitutional questions in some cases, since the Second Amendment protects the possession of lawful firearms by ordinary citizens. *See District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008); *McDonald v. Chicago*, 561 U.S. 3025 (2010). We have no reason to suppose that the General Assembly intended to create constitutional questions, and our interpretation of the statute avoids them. *Ramsey, supra.*

▪ In sum, we find that the General Assembly's purpose in enacting this statute was to penalize defendants who actually or constructively possess a firearm in order to further a

---

actual or constructive possession. *State v. Halyard*, 274 S.C. 397, 400, 264 S.E.2d 841, 842 (1980). In *Halyard*, this Court held that the appellant was not entitled to a directed verdict on a charge of possessing a firearm during the commission of a violent crime despite the fact that all of the eyewitnesses to the robbery testified that the appellant was not the person carrying the firearm. *Id.* at 399–400, 264 S.E.2d at 842.

**3.** We note that the definition of a violent offense in § 16–1–60 includes boating under the influence resulting in death, vessel operator's failure to render assistance resulting in death, failure to stop when signaled by a law enforcement vehicle resulting in death, and felony driving under the influence.

violent crime and who thereby increase the attendant risk of harm. We therefore hold that such a nexus must be established in order to convict a defendant for possessing a firearm during the commission of a violent crime. Other courts have arrived at the same conclusion when they have interpreted similar statutes. *See Arizona v. Petrak,* 198 Ariz. 260, 264, 266, 8 P.3d 1174, 1178, 1180 (Ariz.Ct.App.2000); *Wright v. Virginia,* 53 Va.App. 266, 280, 282, 284, 670 S.E.2d 772, 779–81 (Va.Ct.App.2009); *see also Louisiana v. Blanchard,* 776 So.2d 1165, 1171 (La.2001); *Collins v. Alaska,* 977 P.2d 741, 753 (Alaska Ct.App.1999) (Mannheimer, J., concurring in opinion adopted by majority).

▮▮▮ A nexus may be established by showing that the firearm furthered, advanced, or helped in the commission of the crime. *See Wright,* 53 Va.App. at 283, 670 S.E.2d at 780. A nexus between possession of a firearm and drug trafficking would exist if the firearm is accessible to the trafficker and thereby "provides defense against anyone who may attempt to rob the trafficker of his drugs or drug profits." Similarly, possessing a gun, and letting everyone know that you are armed, lessens the chances that a robbery will even be attempted. *Id.* at 283, 670 S.E.2d at 780 (quoting *United States v. Ceballos-Torres,* 218 F.3d 409, 412 (5th Cir.2000)).

▮▮▮ Appellant pleaded guilty to two charges of trafficking in marijuana. At the conclusion of a bench trial on the charge of possession of a firearm during the commission of a violent crime, the judge found him guilty. The trial judge interpreted section 16–23–490(A) as not requiring the showing of a nexus and found appellant guilty based upon his finding that appellant constructively possessed the firearms that were located in his car and safe during the commission of his trafficking offenses.

Appellant argues that this naked finding was insufficient to support a conviction because it failed to establish a nexus, and we agree. However, these were not the judge's only findings. The judge also found a sufficient nexus from evidence that appellant ordinarily carried a pistol for the purpose of letting others know that he was armed while dealing drugs. Appellant argues that this finding was not supported by the evidence in the record. When a defendant is tried without a

jury, the judge's findings of fact are entitled to the same deference as a jury's findings of fact and will not be disturbed unless no evidence reasonably supports them. *State v. Hill,* 286 S.C. 283, 284, 333 S.E.2d 789, 790 (Ct.App.1985). The trial court's finding was based on a witness's statement that was admitted into evidence. Thus, evidence in the record supports the judge's finding that a nexus was established in this case. We find no error.

## CONCLUSION

A nexus between possession of the firearm and the underlying violent crime must be established in order for a defendant to be convicted of possession of a firearm during the commission of a violent crime. In this case, the trial judge found that a nexus existed. His factual findings are entitled to great deference and are based upon competent evidence in the record. We therefore **AFFIRM.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.