**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Turuk Saunders, Appellant.

Appellate Case No. 2010-163446

---

Appeal From Beaufort County
J. Ernest Kinard, Jr., Circuit Court

---

Unpublished Opinion No. 2012-UP-456
Submitted July 2, 2012 – Filed July 25, 2012

---

**AFFIRMED**

---

Nicole Nicolette Mace, of The Mace Law Firm, of Myrtle Beach, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Beaufort, for Respondent.

---

**PER CURIAM:**  Turuk Saunders appeals his convictions of possession with intent to distribute (PWID) marijuana, PWID cocaine, PWID ecstacy, and trafficking in cocaine.  Saunders argues the trial court erred in (1) denying his motion for a directed verdict because the State did not prove he possessed the drugs; (2) not obtaining the name of a potential juror who knew a witness who testified at trial; and (3) admitting certain evidence.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether the trial court erred in denying his motion for a directed verdict:  *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* (stating an appellate court reviewing a denial of a directed verdict views the evidence and all reasonable inferences in the light most favorable to the State); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate court] must find the case was properly submitted to the jury.");  *State v. Stanley*, 365 S.C. 24, 42-43, 615 S.E.2d 455, 464 (Ct. App. 2005) ("In order to prove constructive possession, the State must show the defendant had dominion and control, or the right to exercise dominion and control, over either the drugs or the premises upon which the drugs are found." (citing *State v. Ballenger,* 322 S.C. 196, 199, 470 S.E.2d 851, 854 (1996))); *id.* at 43, 615 S.E.2d at 464 ("Such possession can be established by circumstantial or direct evidence or a combination of the two."); *State v. Heath*, 370 S.C. 326, 329-30, 635 S.E.2d 18, 19 (2006) ("The defendant's knowledge and possession may be inferred if the substance was found on premises under his *control.*").

2.     As to whether the trial court erred in not obtaining the name of a potential juror who knew a witness who testified at trial: *State v. Von Dohlen*, 322 S.C 234, 242, 471 S.E.2d 689, 694 (1996) (holding an issue occurring during voir dire was not preserved for review when no objection was raised to the trial court); *State v. Ivey*, 331 S.C. 118, 122, 502 S.E.2d 92, 94 (1998) (finding preservation of an issue regarding the examination of a juror required a contemporaneous objection).

3.     As to whether the trial court erred in admitting certain evidence: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**