**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Andrew Davion Burnside, Appellant.

Appellate Case No. 2012-212039

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-409
Submitted October 1, 2013 – Filed November 6, 2013

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston,* 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence

of the offense charged."); *id.* ("When reviewing a denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [the appellate court] must find the case was properly submitted to the jury."); *State v. Halyard*, 274 S.C. 397, 400, 264 S.E.2d 841, 842 (1980) (holding a conviction for possession of illegal drugs requires "proof of actual or constructive possession, coupled with knowledge of the presence of the drugs"); *State v. Mollison*, 319 S.C. 41, 45, 459 S.E.2d 88, 91 (Ct. App. 1995) ("Constructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs were found."); *State v. Hudson*, 277 S.C. 200, 203, 284 S.E.2d 773, 775 (1981) ("Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.