**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Lashad Demond Brewton, Appellant.

Appellate Case No. 2014-000880

———————

Appeal From Union County
John C. Hayes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-222
Submitted April 1, 2016 – Filed May 25, 2016

———————

**AFFIRMED**

———————

Appellate Defender Tiffany Lorraine Butler, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

———————

**PER CURIAM:** Lashad Demond Brewton appeals his conviction of possession with intent to distribute (PWID) crack cocaine, arguing the trial court erred in (1)

refusing to suppress evidence seized during a search of a vehicle and subsequent searches of Brewton and his co-defendants when law enforcement did not have reasonable suspicion to justify the traffic stop; (2) refusing to suppress evidence seized during the search of the vehicle and subsequent searches of Brewton and his co-defendants when law enforcement did not have probable cause to believe the vehicle contained evidence of criminal activity and there were no exigent circumstances to justify the warrantless search; (3) finding a sufficient chain of custody existed to admit evidence found in a law enforcement vehicle that transported Brewton and one of his co-defendants to jail; and (4) denying Brewton's motion for a directed verdict of acquittal.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issues 1 through 3:  *State v. Pope,* 410 S.C. 214, 225-29, 763 S.E.2d 814, 820-22 (Ct. App. 2014) (holding in the appeal of Brewton's co-defendant, the trial court did not err in: (1) denying his motion to suppress the evidence seized during the search of the vehicle because law enforcement had reasonable suspicion to justify the traffic stop; (2) denying his motion to suppress the evidence seized during the search of the vehicle because law enforcement had probable cause to believe the vehicle contained evidence of criminal activity; and (3) admitting the drugs found in the police car into evidence because a complete chain of custody was established), *cert. denied* (Feb. 20, 2015).

2.  As to issue 4:  We find the issue of whether the trial court erred in denying Brewton's motion for a directed verdict on the charge of trafficking in crack cocaine is moot because Brewton was acquitted of that charge.  *See Bozeman v. State*, 307 S.C. 172, 174, 414 S.E.2d 144, 145 (1992) (stating that by convicting the defendant of the lesser-included offense of voluntary manslaughter, the jury, in essence, acquitted the defendant of the murder charge for which he was indicted); *State v. Green*, 337 S.C. 67, 71, 522 S.E.2d 602, 604 (Ct. App. 1999) ("When judgment on an issue can have no practical effect upon an existing case or controversy, the issue is moot.").  We find the trial court did not err in denying Brewton's motion for a directed verdict on the lesser-included charge of PWID crack cocaine.  *See State v. Gibson*, 390 S.C. 347, 353, 701 S.E.2d 766, 769 (Ct. App. 2010) ("When ruling on a motion for a directed verdict, the trial court is concerned only with the existence of evidence, not the weight."); *id.* ("When reviewing the denial of a motion for a directed verdict, an appellate court must review the evidence, and all inferences therefrom, in the light most favorable to the State."); *id.* at 353-54, 701 S.E.2d at 769 ("The trial court's denial of a directed verdict will not be reversed if supported by any direct evidence or substantial

circumstantial evidence of the defendant's guilt."); S.C. Code Ann. § 44-53-375(B) (Supp. 2015) (providing it is a felony to possess cocaine base with intent to distribute); S.C. Code Ann. § 44-53-110(9) (Supp. 2015) ("Cocaine base is commonly referred to as . . . 'crack cocaine.'"); *State v. Mollison*, 319 S.C. 41, 45, 459 S.E.2d 88, 91 (Ct. App. 1995) (explaining possession may be actual or constructive); *id.* ("Actual possession occurs when the drugs are found to be in the actual physical custody of the person. Constructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs were found."); *State v. Jennings*, 335 S.C. 82, 87, 515 S.E.2d 107, 109 (Ct. App. 1999) ("Constructive possession may be established through either direct or circumstantial evidence, and possession may be shared."); *State v. Tuckness*, 257 S.C. 295, 299, 185 S.E.2d 607, 608 (1971) ("Intent is seldom susceptible to proof by direct evidence and must ordinarily be proven by circumstantial evidence, that is, by facts and circumstances from which intent may be inferred."); *State v. James*, 362 S.C. 557, 561-62, 608 S.E.2d 455, 457 (Ct. App. 2004) ("Possession of any amount of controlled substance coupled with sufficient indicia of intent to distribute will support a conviction for possession with intent to distribute.").

**AFFIRMED.**[1]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.