**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Reginald Raynard White a/k/a Reginald Raynard White, Jr., Appellant.

Appellate Case No. 2015-000171

---

Appeal From York County
Roger L. Couch, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-441
Submitted September 1, 2016 – Filed October 26, 2016

---

**AFFIRMED**

---

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

---

**PER CURIAM:** Reginald Raynard White appeals his convictions for trafficking in cocaine and possession with intent to distribute crack cocaine, arguing the trial

court erred in (1) admitting evidence of his prior drug distribution because it was a prior bad act and unduly prejudicial and (2) denying his motion for a directed verdict when the State failed to present any substantial evidence he had dominion and control over the drugs or the premises where they were found.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1: *State v. Gagum*, 328 S.C. 560, 564-65, 492 S.E.2d 822, 824 (Ct. App. 1997) ("Because a ruling in an *in limine* motion is not final, the losing party must renew his objection at trial when the evidence is presented in order to preserve the issue for appeal.").

As to issue 2: *State v. Bennett*, 415 S.C. 232, 235, 781 S.E.2d 352, 353 (2016) (stating the appellate "[c]ourt's review is limited to considering the existence or nonexistence of evidence, not its weight"); *id.* at 236-37, 781 S.E.2d at 354 ("[W]hen ruling on a directed verdict motion, the trial court views the evidence in the light most favorable to the State and must submit the case to the jury if there is 'any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.'" (quoting *State v. Littlejohn*, 228 S.C. 324, 329, 89 S.E.2d 924, 926 (1955))); *State v. Pradubsri*, 403 S.C. 270, 282, 743 S.E.2d 98, 105 (Ct. App. 2013) ("To prove constructive possession, the State must show a defendant had dominion and control, or the right to exercise dominion and control, over the [drugs]." (alteration by *Jackson*) (quoting *State v. Jackson*, 395 S.C. 250, 255, 717 S.E.2d 609, 611 (Ct. App. 2011))); *State v. Heath*, 370 S.C. 326, 329-30, 635 S.E.2d 18, 19 (2006) ("The defendant's knowledge and possession may be inferred if the substance was found on premises under his *control*."); *State v. Muhammed*, 338 S.C. 22, 25, 28, 524 S.E.2d 637, 638, 640 (Ct. App. 1999) (holding the trial court did not err in denying the defendant's motion for a directed verdict when he had unrestricted access to a friend's house, had attached a lock to the room where the drugs were found, and held the key to the lock).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.