**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Myron A. Cannon, Appellant.

Appellate Case No. 2016-001954

---

Appeal From Florence County
William H. Seals, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-397
Submitted November 1, 2019 – Filed December 18, 2019

---

**AFFIRMED**

---

Elizabeth Anne Franklin-Best, of Blume Norris & Franklin-Best LLC, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

---

**PER CURIAM:** Myron A. Cannon appeals his convictions for failure to stop for blue lights, resisting arrest, possession with intent to distribute cocaine, and trafficking cocaine, arguing (1) the circuit court erred by denying his motion for a

directed verdict and (2) the circuit erred by allowing Sergeant William Joe Nida's testimony as to the street value of the drugs into evidence.  We affirm.

1.  We find the State provided substantial circumstantial evidence for the jury to determine whether Cannon was guilty of trafficking cocaine and possession with intent to distribute cocaine.  *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the state.").  Here, Cannon did not stop for an officer when he activated his blue lights, led the officer on a high speed chase, crashed into a field, and fled the scene.  Cannon was the only person in the vehicle, and the drugs were in plain view.  *See id.* ("When ruling on a motion for a directed verdict, the [circuit] court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Heath*, 370 S.C. 326, 329, 635 S.E.2d 18, 19 (2006) ("In order to prove constructive possession, the 'State must show a defendant had dominion and control, or the *right to exercise dominion and control* over the [illegal substance].'" (emphasis by court) (quoting *State v. Halyard*, 274 S.C. 397, 400, 264 S.E.2d 841, 842 (1980))).  Although Cannon did not own the car and the identity of the person who rented the car was never determined, the drugs were found in the driver's seat and on the driver's floorboard of the car Cannon was driving.  Based on the foregoing, the State presented substantial circumstantial evidence Cannon was in constructive possession of the drugs.  *See State v. Davis*, 422 S.C. 472, 482, 812 S.E.2d 423, 429 (Ct. App. 2018) ("If there is any direct or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [this court] must find that the issues were properly submitted to the jury." (quoting *State v. Mollison*, 319 S.C. 41, 46, 459 S.E.2d 88, 91 (Ct. App. 1995))).  Accordingly, the circuit court did not err in denying Cannon's motion for a directed verdict.

2.  As to Sergeant Nida's testimony, Cannon argues it was improper character testimony because it was unduly prejudicial.  We find this issue is not preserved for appellate review.  *See State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court].").  Here, Cannon objected during trial to the court admitting Sergeant Nida's testimony into evidence based on relevance grounds; however, he failed to object to the testimony on the grounds that it was improper character evidence.  Thus, this argument is not preserved.  *See id.* ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.