21601

The STATE, Respondent. v. Robert L. HUDSON and Ernestine Marie
Hudson, Appellants.
(284 S. E. (2d) 773)

*Deputy Appellate Defender Vance J. Bettis, of S. C. Commission of Appellate Defense* and *David I. Bruck,* Columbia, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Lindy P. Funkhouser* and *Senior Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

November 24, 1981.

GREGORY, Justice:

Appellants, husband and wife, were tried jointly and convicted of possession of heroin with intent to distribute. Each was sentenced to five (5) years imprisonment. We affirm the conviction of appellant Robert Hudson. Counsel for Ernestine Hudson has filed a brief pursuant to *Anders v. California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967), asserting that there are no meritorious grounds for appeal, and requesting permission to withdraw from representation. We agree and dismiss her appeal.

Appellant Robert Hudson first asserts the trial judge erred in failing to direct a verdict of acquittal because the evidence was insufficient to sustain his conviction for possession with intent to distribute heroin. We disagree.

In deciding whether the Court erred in not directing a verdict in favor of appellant, we must view the evidence in the light most favorable to the State. When a motion for directed verdict is made, the trial judge is concerned with the existence of evidence, not with its weight. It is his duty to submit the case to the jury if there is evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced. *State v. Ellis,* 263 S. C. 12, 207 S. E. (2d) 408, 412 (1974), citing *State v. Wheeler,* 259 S. C. 571, at 578, 193 S. E. (2d) 515 (1972); *State v. Jordan,* 255 S. C. 86, 177 S. E. (2d) 464 (1970).

Where circumstantial evidence is relied upon by the State in a criminal case, there must be positive proof of facts and circumstances which, taken together, warrant inference of guilt to a moral certainty, to the exclusion of any other reasonable hypothesis. If there is any evidence tending to support

an inference of guilt, the court must submit the issue to the jury. *State v. McIver,* 238 S. C. 401, 120 S. E. (2d) 393 (1961).

Pursuant to a search warrant for marijuana, police officers knocked on the front door of the Greenville apartment where Mr. and Mrs. Hudson resided with their five children. After Mrs. Hudson told them her husband was still at work she immediately telephoned him.

Officer Downs testified he knocked on the back door; that no one answered, but he heard people running. He kicked in the back door, ran upstairs, and discovered Mrs. Hudson standing by the bathroom door. He retrieved three cellophane bags containing white powder from the toilet before they could be flushed away. A fourth cellophane bag was found beside the toilet.

At trial Mrs. Hudson testified she had never seen those four bags of white powder before. "I knowed (sic) nothing about it. I know I did not have that stuff in my house."

During the search, officers also found small brown envelopes and rolling papers and a pipe commonly associated with marijuana usage in the apartment, along with several syringes found in Mrs. Hudson's purse.

When Mrs. Hudson was arrested, their daughter called appellant on the phone in his van to relate what had happened. Appellant did not go home, nor did he go to the station to see his wife. He was arrested approximately three hours later on Interstate 85; the next exit was the Greenville-Spartanburg airport. When stopped by police, appellant stated he was "just driving around."

Conviction of possession of heroin requires proof of possession—either actual or constructive, coupled with knowledge of its presence. Actual possession occurs when the drugs are found to be in the actual physical custody of the person charged with possession. To prove constructive possession, the State must show a defendant had dominion and control, or the right to exercise dominion and control, over the heroin. Constructive possession can be established by circumstantial as well as direct evidence, and possession may be shared. *State v. Brown,* 267 S. C. 311, 227 S. E. (2d) 674, 676 (1976), citing *U. S. v. Bethea,* 143 U. S. App. D. C.

68, 442 F. (2d) 790 (1971). *State v. Hammond,* 270 S. C. 347, 242 S. E. (2d) 411 (1978).

■ Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury. *State v. Ellis, supra,* 413; 91 A. L. R. (2d) 810.

■ In the instant case, where appellants shared control of the premises, we hold there was sufficient evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt appellant Robert Hudson constructively possessed heroin with intent to distribute. *Jackson v. Virginia,* 443 U. S. 307, 99 S. Ct. 2781, 61 L. Ed. (2d) 560 (1979). Thus, it was not error to deny the motion for directed verdict.

We dismiss appellant Robert Hudson's other assignment of error under Rule 23.

Accordingly, we affirm appellant Robert Hudson's conviction and sentence and dismiss appellant Ernestine Hudson's appeal.

Affirmed as to Robert L. Hudson;

Appeal dismissed as to Ernestine Marie Hudson.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.