23490

ROPER HOSPITAL, Respondent v. BOARD OF SOUTH CAROLINA DE-
PARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL,
and St. Francis Xavier Hospital, Appellants.

(410 S.E. (2d) 558)

Supreme Court

*Walton J. McLeod, III,* and *William A. Ready, III* of *S.C.D.H.E.C.*, Columbia, *for appellant S.C.D.H.E.C.*

*Gary E. Clary* of *Hall, Daniel, Winter & Clary,* Gaffney, *for appellant St. Francis Xavier Hosp.*

*M. Elizabeth Crum* and *Elizabeth A. Holderman* of the *McNair Law Firm,* Columbia, *Michael A. Molony* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondent.*

Heard May 2, 1991; Decided Oct. 7, 1991.

Rehearing Denied Dec. 3, 1991.

CHANDLER, Justice:

The Board of South Carolina Department of Health and Environmental Control (Board) appeals Circuit Court's reversal of its order denying Respondent Roper Hospital's (Roper) application for a certificate of need (CON). We reverse.

## FACTS

Roper filed a CON application with the Department of Health and Environmental Control (DHEC) to construct a new general hospital west of the Ashley River. It further requested permission to transfer 100 beds from its existing hospital in Charleston to this new facility. From DHEC's denial of the application, Roper sought review by the Board.[1]

The special commissioner appointed to take testimony recommended to the Board that it reverse DHEC's decision and grant the CON. The Board rejected the recommendation and reinstated DHEC's original determination, holding that there was substantial evidence supporting denial of the CON.

On appeal, Circuit Court reversed and ordered the CON granted.

## ISSUE

The sole issue: Was the Board's decision supported by substantial evidence?

## DISCUSSION

### A. *Scope of Review*

It is well established by decisions of this Court that judicial review of administrative agency orders is limited to a determination of whether they are supported by substantial evidence. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981) [Judicial review of administrative agency orders is controlled by S.C. Code Ann. § 1-23-380(g) (1986)]. "[T]his Court cannot substitute its judgment for that of the [agency] upon a question as to which there is room for a difference of intelligent opinion." *Chem Leaman Tank Lines v. South Carolina Public Service Commission*, 258 S.C. 518, 189 S.E. (2d) 296 (1972).

### B. *Review of the Record*

We disagree with Circuit Court that the record contains no substantial evidence to support the Board's denial of the CON.

---

[1] DHEC also denied a CON to St. Francis Xavier Hospital for transfer of 55 beds from its existing hospital to a new facility west of the Ashley. After Roper and St. Francis were granted invervenor status in one another's appeals, St. Francis abandoned its action.

Included in the Board's order are findings that: (1) the proposed hospital would result in an unnecessary duplication of services, creating added expense for patients; (2) the proposed hospital would have a negative impact on the occupancy rates of existing hospitals; and (3) 90% of the population, including citizens residing west of the Ashley River, can reach existing hospitals within thirty minutes.

These findings are adequately supported by evidence in the record, including testimony of the DHEC staff[2] and other witnesses. Albeit there is evidence contrary to the findings made by the Board, under *Lark, supra,* the Board's findings are conclusive when supported by substantial evidence.

We find Roper's additional sustaining grounds to be without merit.

Reversed.

GREGORY, C.J., and HARWELL and FINNEY, JJ., concur.

TOAL, A.J., dissenting in separate opinion.

TOAL, Justice (dissenting):

I respectfully dissent. Nonetheless, I fully agree with the majority so far as their statement of the standard of judicial review which ought to be applied here. Under *Lark v. Bi-Lo, Inc.,* 276 S.C. 130, 276 S.E. (2d) 304 (1981), it is the duty of this Court to affirm the decisions of administrative agencies where those decisions and the findings underlying them are supported by substantial evidence appearing in the record. However, it is my opinion after a thorough review of the record in this case, that DHEC's findings here are woefully unsupported by substantial evidence.

Roper Hospital has applied for a CON to transfer 100 existing beds from a wing of its facility on the Charleston peninsula to a new facility which it wishes to construct west of the Ashley River. The purpose of this transfer is to move these beds from the outdated facility in which they are presently housed into a new facility located more conveniently to the patients they serve. In denying the application, the DHEC Board re-

---

[2] The Board is vested with the statutory authority to utilize DHEC's "experience, technical competence and specialized knowledge . . . in the evaluation of the evidence." S.C. Code Ann. § 1-23-330(4) (1986).

lied almost entirely on the opinions of their staff and completely ignored the factual evidence offered by Roper.

The majority quotes *Chem Leaman Tank Lines v. South Carolina Public Service Commission*, 258 S.C. 518, 189 S.E. (2d) 296 (1972), for the proposition that "[t]his Court cannot substitute its judgment for that of the agency upon a question as to which there is room for a difference of intelligent opinion." However, in the case at bar, there is more than a difference of opinion. While we must respect the opinion of DHEC's staff and not interfere where we merely choose to favor the opinion they reject, we cannot ignore the strong factual evidence in this case. DHEC's reliance on the naked opinion of its staff is insufficient to support its findings when faced with the factual evidence presented by the Hospital. I feel that testimony based merely upon opinion and speculation does not constitute substantial evidence to support findings which are opposed by firm factual evidence offered by the applicant. Hence, DHEC's findings are not adequately supported and should be reversed.

There are three essential findings on which DHEC bases its decision here, namely: (1) that granting this CON would result in an unnecessary duplication of services; (2) that granting this CON would negatively impact the occupancy rates of existing hospitals; and (3) that DHEC was unable to make a finding that patients would experience serious problems in accessibility if the CON was denied.

DHEC's reliance on the first factor is misplaced. This factor simply does not apply in this situation because there can be no duplication when no additional beds are being created. Plainly, a hospital's services are measured by the number of beds it provides. Here, the CON provides for the construction of a facility which will house only beds which are already licensed and are simply being transferred to a new location. The record reflects that the wing of the existing facility in which these beds are presently located is in desperate need of renovation. Rather than renovate that facility, Roper proposes to build a new facility, transfer the beds from the old facility to the new facility, and abandon that wing of the old facility. No new beds will be placed in the new facility. No new beds will be added at all. This CON provides only for a transfer of beds, not a duplication of beds.

The second factor is equally inapplicable. This relocation of beds does not add anything new which could adversely affect the occupancy rates of existing hospitals. The beds being relocated are *existing* beds. It is futile to examine any potential negative impact of existing beds on existing hospitals. Further, there is absolutely no evidence in the record on this issue *except* the evidence offered by the hospital which shows that the transferred beds can be operated at 85% occupancy by servicing *only* patients who are currently being serviced at the old facility. There is no evidence to support DHEC's finding. It is based solely on the opinions of the DHEC staff and not on any factual evidence. Therefore, DHEC's conclusion on this factor is wholly unsupported under the substantial evidence test.

The central issue in this case is accessibility. DHEC based its denial of the CON chiefly on a regulation codified as R. 61-15 § 503(c) which provides that a CON shall not be granted unless DHEC's staff makes a finding that "patients will experience serious problems in terms of . . . accessibility in obtaining important care of the type proposed in the *absence* of the proposed new project."

The application of the substantial evidence rule to the staff's finding under R. 61-15 § 503(c) is a bit peculiar. Generally, the substantial evidence test is applied to a finding of fact made by an agency. Here, the agency did *not* make a finding. Rather, the agency determined that it was *unable* to make the factual finding required by the regulation. Since the usual situations involve making a finding and this situation involves *not* making a finding, this situation necessitates a *negative* application of the substantial evidence test by inquiring whether there was a substantial *lack* of evidence so as to support DHEC's nonfinding.

Hence, in applying the substantial evidence test here, it becomes necessary to first consider any evidence which could have supported the finding of inaccessibility which DHEC decided that it was unable to make. Secondly, we should consider any rebuttal evidence which DHEC relied upon in determining it was unable to make the regulatorily required finding. Only by comparing this rebuttal evidence to the evidence that would have allowed such a finding can we adjudge whether DHEC's decision to not make the inaccessibility find-

ing is supported by substantial evidence.

Roper offered evidence in the form of letters from residents of the area in which the proposed facility would be located who felt that access was currently a problem, and also provided evidence in the form of traffic studies. Roper points to the standard for accessibility laid out in the *1985 SOUTH CAROLINA STATE HEALTH PLAN, Volume II: Medical Facilities* as the measuring stick for whether there is a "serious problem with accessibility." The Plan provides that access to acute hospital beds should be available within a 30 minute one way drive for 90% of the population serviced by those beds. Roper's traffic studies showed that 93,990 people or nearly 40% of the population currently serviced by the existing facility live more than 30 minutes away from the facility.

The problem with accessibility here is further exacerbated by the geographical separation between the existing facility and the population it serves. The existing facility, which currently houses the beds whose transfer is proposed here, is presently located on the east side of the Ashley River on the Charleston Peninsula. Roper presented evidence that many of the patients who visit the existing facility live in areas west of the Ashley River.

The only access across the Ashley River to the peninsula from the West Ashley area is via bridges. In peak traffic hours, there are often bottlenecks leading onto these bridges. Hence, while a resident of the West Ashley area may be able to reach the peninsula hospital in 30 minutes or less when traffic is light, there are times when access to the peninsula becomes extremely limited by the congestion across the bridges and transit time to the hospital becomes substantially longer.

DHEC presented testimony from ambulance drivers who opine that there is no accessibility problem. However, as Roper points out, the average patient does not have the flashing lights, sirens, and radio communication with the drawbridge operators to which these ambulance drivers have access.

The Agency also cites as rebuttal evidence the knowledge and expertise of the project reviewer, the recommendation of the HSA, and a letter from EMS. All of these are based upon opinion rather than fact.

The issue here remains whether there is substantial evidence which refutes the proposition that there is a serious problem with accessibility. While there is a dispute among the *opinions* on accessibility, the only *firm* evidence in the record supports the position that accessibility is a serious problem. Hence, the circuit court was proper to consider the substantial nature of the evidence provided by Roper and was correct to conclude that given the record as a whole, a reasonable mind could only conclude that there was a serious accessibility problem. Hence, there is no substantial evidence to support DHEC's finding that they could not make the finding required by R. 61-15 § 503(c).

For these reasons, I would affirm the circuit court and order that the CON be granted.