664 S.E.2d 471

**MRI AT BELFAIR, LLC, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and Coastal Carolina Medical Center, Respondents.**

No. 26517.

Supreme Court of South Carolina.

Heard Feb. 7, 2008.
Decided July 14, 2008.

2

M. Elizabeth Crum, A. Victor Rawl, Jr., and Ariail B. Kirk, all of McNair Law Firm, of Columbia, for Appellant.

Nancy S. Layman and Ashley C. Biggers, both of S.C. Department of Health and Environmental Control, of Columbia; Stuart M. Andrews, Jr., Travis Dayhuff, and Jennifer I. Cooke, all of Nelson, Mullins, Riley & Scarborough, of Columbia, for Respondents.

Justice PLEICONES.

This appeal arises from an application for a certificate of need ("CON") for a fixed magnetic resonance imaging ("MRI") unit to be located at Coastal Carolina Medical Center ("CCMC" or "Hospital") in Jasper County. DHEC granted a CON to CCMC, and MRI at Belfair ("appellant") requested a contested case hearing before the Administrative Law Court ("ALC"). The ALC upheld the decision to grant the CON, and the South Carolina Board of Health and Environmental Control ("Board") affirmed the ALC order. Appellant appealed the Board's order to the Court of Appeals, and we certified the appeal pursuant to Rule 204, SCACR. We reverse and remand.

## FACTS

In 2004, CCMC submitted an application for a CON to

4

DHEC pursuant to the 2003 State Health Plan ("Plan").[1] CCMC sought to provide MRI services at the Hospital's forty-one bed acute care facility in Hardeeville. CCMC opened in 2004 and provides medical care, including an emergency room, twenty-four hours a day, seven days a week. The Hospital is located near Interstate 95, and its primary service area encompasses Jasper and Beaufort Counties.

Appellant is a limited liability company owned and operated by Dr. Joseph Borelli, Jr., and it is a free-standing, mobile MRI facility. Appellant provides MRI services in Bluffton, which is in Beaufort County, located approximately 13.8 miles from CCMC. Dr. Borelli is the sole physician who reads the MRI scans, and appellant is open for business from 7:00 a.m. to 6:00 p.m., Monday through Friday.

After CCMC filed its application and DHEC began its review, appellant opposed the grant of a CON to CCMC. DHEC approved CCMC's CON application to provide MRI services to its inpatients, outpatients, and emergency patients.

Thereafter, appellant requested a contested case hearing before the ALC, naming DHEC and CCMC as respondents. Appellant argued that the purposes of the CON Act would be best served by CCMC providing MRI services through a shared arrangement of either mobile MRI services, an ownership sharing arrangement, or a transfer agreement, none of which had to be with appellant. CCMC contended that because it was a hospital, it needed MRI accessibility twenty-four hours a day, seven days a week.

Prior to the ALC hearing, CCMC and appellant filed motions for summary judgment. CCMC argued that because the Plan standards provided that hospitals, whenever possible, should have at least one MRI unit available for the diagnosis of inpatients, outpatients, and emergency patients, CCMC should be granted the CON as a matter of law. Appellant's motion for summary judgment was based on the assertion that

1. The State Health Plan is required by the South Carolina Certificate of Need and Health Facilities Licensure Act, S.C.Code Ann. §§ 44-7-110, *et seq.* (2002) ("CON Act"). The Plan contains specific standards and information for health care facilities and health care equipment, and it must be prepared and presented for approval to the Board at least once every two years. The 2003 State Health Plan governed CCMC's CON application.

Plan standards for MRI services and equipment did not comply with § 44–7–180(B) and that the DHEC exceeded its statutory authority by relying on the MRI Plan standards. The ALC denied appellant's motion but granted partial summary judgment to CCMC, ruling that the MRI standards under the Plan did not require CCMC to establish compliance with project review criteria.[2] The case proceeded to trial to determine what constituted "available" under the MRI Plan standard.

After a hearing on the merits, the ALC affirmed DHEC's decision to grant the CON. The ALC ruled that for MRI services to be sufficiently available to CCMC, the Hospital would need a fixed, in-house MRI unit that would be accessible twenty-four hours a day, seven days a week. Appellant appealed to the Board, and the Board affirmed and incorporated the ALC decision in its order.

## ISSUES

I. Do the MRI standards found in the Plan violate the CON Act, thereby causing the Board to exceed its statutory authority in approving the CON awarded to CCMC?

II. Is the Board's determination that an "available" MRI for CCMC could only be achieved by an onsite MRI facility arbitrary and capricious or otherwise affected by an abuse of discretion?

III. Is the finding that the Plan standards did not require CCMC to establish the project review criteria violative of § 44–7–210?

## ANALYSIS

█ This appeal is governed by the Administrative Procedures Act ("APA"), S.C.Code Ann §§ 1–23–310, et seq. (Supp. 2005). We may reverse or modify the Board's order if appel-

---

2. Section 44–7–180(B)(4) requires the State Health Plan to include a general statement as to the project review criteria considered most important in evaluating CON applications for each type of facility, service, and equipment. The four project review criteria identified in the 2003 Plan for MRI facilities were: (a) community need documentation; (b) distribution (accessibility); (c) acceptability; and (d) cost containment.

lant's substantial rights have been prejudiced because the administrative decisions are: a) in violation of constitutional or statutory provisions; b) in excess of the statutory authority of the agency; c) made upon unlawful procedure; d) affected by other error of law; e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. S.C.Code Ann. § 1–23–380(5). As to factual issues, judicial review of administrative agency orders is limited to a determination whether the order is supported by substantial evidence. *Roper Hosp. v. Bd. of S.C. DHEC*, 306 S.C. 138, 140, 410 S.E.2d 558, 559 (1991).

I.  State Health Plan

■   Appellant challenges the validity of the standards for MRI services set forth in the Plan. First, appellant argues that the CON award violates § 44–7–180(B)(2) and (3) because the Plan's standards for MRI services do not contain projections of need or standards of distribution. We disagree.[3]

Section 44–7–180(B)(2) and (3) of the CON Act requires the State Health Plan, at a minimum, to include:

(2) projections of need for additional health care facilities, beds, health services, and equipment;

(3) standards for distribution of health care facilities, beds, specified health services, and equipment including scope of services to be provided, utilization, and occupancy rates, travel time, regionalization, other factors relating to proper placement of services, and proper planning of health care facilities;

S.C.Code Ann. § 44–7–180(B).

The 2003 State Health Plan sets forth three standards for MRI distribution:

1) Each hospital should have at least one MRI unit available for diagnosis of emergency patients, inpatients and outpatients.

---

3.  Appellant's first argument is not specific to CCMC's CON application. Appellant essentially asserts that because the 2003 Plan violated the CON Act, no CON for an MRI could have been lawfully awarded to any applicant.

2) In order to promote cost-effectiveness, the use of shared mobile MRI units should be considered.

3) The applicant agrees in writing to provide the Department utilization data on the operation of the MRI service.

██  Although the Plan does not give specific projections of need or standards of distribution in terms that track the exact statutory language, the Plan does not violate § 44–7–180. Clearly, the first MRI standard that *each* hospital should have at least one MRI unit available satisfies the statute's directive for projections of need when a hospital applies for a CON of an MRI. The second MRI standard also provides guidance for distribution and utilization of existing MRI resources. The Plan satisfies the requirements of § 44–7–180(B)(2) and (3) by unmistakably stating the need and guiding distribution for MRI units in hospitals. *See Bursey v. S.C. DHEC*, 369 S.C. 176, 631 S.E.2d 899(2006) (cardinal rule of statutory construction is to ascertain and effectuate legislative intent). Accordingly, the Plan is not violative of the CON Act, and the Board did not exceed its statutory authority in granting the CON in light of the Plan standards.[4]

██  Appellant also argues that the Board's order should be reversed because there is no statutory basis to treat hospitals differently from other health care facilities. We disagree.

Even though there is no specific provision in the CON Act that authorizes hospitals to be treated differently vis-à-vis standards of need for MRI services, the ability of the Plan to differentiate between different types of medical providers is essential to the CON process. *See* S.C.Code Ann. § 44–7–150 (department may adopt substantive and procedural regulations considered necessary by the department and approved by the board to carry out the department's licensure and CON duties). Furthermore, appellant's contention that first Plan standard results in hospitals being treated differently from other health care facilities is misguided. The first Plan stan-

---

4. Appellant also claims that the Board should have made factual findings regarding whether the MRI standards contained in the Plan comply with § 44–7–180(B)(2) and (3). The issue whether the Plan standards satisfy the statutory requirements is a legal conclusion based on statutory interpretation principles. Thus, no factual findings are necessary to determine compliance with § 44–7–180(B).

dard only satisfies the showing of need for hospitals, while other health care facilities will have to document need separately. Nothing in the CON Act prevents such a distinction. *See* S.C.Code Ann. § 44–7–130 (containing separate definitions for "hospital" and "health care facility"); S.C.Code Ann. § 44–7–150.

## II. Determination of "Available"

■ The issue addressed at trial was whether CCMC had access to an "available" mobile MRI facility so that a CON for an onsite MRI would not be warranted under the Plan standards. Appellant argues that the finding of the Board that "available," in the context of MRI service for a hospital, meant an onsite MRI unit was arbitrary, capricious, and clearly erroneous. We disagree.

CCMC presented testimony from Dr. Tricia Etheridge, CCMC's chief of staff, concerning the difficulties of transporting patients to an off-site MRI or other diagnostic facilities. In addition, Dr. Etheridge testified as to her concerns over the adequacy of the technology found in mobile MRI units. Dr. Dean Mesh, a radiologist at CCMC, also testified as to the necessity for an onsite MRI facility to handle patients from the Hospital's emergency room. The president and CEO of CCMC, Eric Deaton, also testified at length concerning the needs for around-the-clock MRI availability, especially in light of CCMC's proximity to I–95. Finally, CCMC presented an expert witness, Mark Richardson, who testified that a MRI facility open twenty-four hours a day, seven days a week, was in the best interests of CCMC's patients. Accordingly, substantial evidence exists to support the finding that an "available" MRI facility for CCMC's needs would require an onsite MRI facility that was accessible twenty-four hours a day, seven days a week.

## III. Project Review Criteria

■ Appellant's final argument claiming that the Board exceeded its statutory authority in granting the CON involves S.C.Code Ann. § 44–7–210. Appellant argues the Board's finding that the Plan standards did not require CCMC to

establish the project review criteria[5] is violative of § 44–7–210. We agree.

Section 44–7–210(C) provides, in relevant part:

The department may not issue a Certificate of Need [CON] unless an application complies with the State Health Plan, Project Review Criteria, and other regulations. Based on project review criteria and other regulations, which must be identified by the department, the department may refuse to issue a Certificate of Need even if an application complies with the State Health Plan.

*See also* 24A S.C.Code Ann. Reg. 61–15 § 307.1 (Supp.2005) (department may refuse to issue a CON even if an application is in compliance with the State Health Plan but is inconsistent with project review criteria or departmental regulations).

The Board determined that the first Plan standard for MRI services stating every hospital should have an available MRI unit meant that CCMC did not have to establish the project review criteria. This was error. Section 44–7–210(C) and the governing regulations are clear in establishing Plan standards and project review criteria as separate and distinct requirements that must be met as part of the CON application process. Because the Board held that CCMC did not have to prove compliance with the project review criteria by virtue of the first Plan standard, appellant was prohibited from presenting its case to challenge CCMC's compliance with the project review criteria. Again, CCMC's compliance with the project review criteria is an essential step in the CON process, and this prerequisite is independent of compliance with the State Health Plan. Accordingly, we remand this case to the ALC to determine whether CCMC's application for a fixed, in-house MRI unit satisfies the project review criteria identified in the Plan.

## CONCLUSION

We hold that the Plan standards for MRI services are not violative of § 44–7–180. Additionally, the Board's conclusion

---

**5.** The Plan ranks the relative importance of project review criteria, as required by § 44–7–180(B)(4), for MRI service as: (a) community need documentation; (b) distribution (accessibility); (c) acceptability; and (d) cost containment.

that CCMC's need for an "available" MRI unit could only be met by a fixed, onsite MRI is supported by substantial evidence. However, the Board erred by finding compliance with the project review criteria did not have to be met in light of the Plan standards for MRI services. We reverse the CON award and remand for a determination on the sole issue whether CCMC's application complies with the project review criteria set forth in the Plan.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, WALLER and BEATTY, JJ., concur.