THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jakaya Green, Respondent,
 
 
 

v.

 
 
 
 South Carolina Department
 of Corrections, Appellant.
 
 
 

Appeal from the Administrative Law Court
 Shirley J. Robinson, Administrative Law
Court Judge

Unpublished Opinion No. 2012-UP-096
 Submitted February 1, 2012  Filed
February 22, 2012    

REVERSED

 
 
 
 Michael Vincent Laubshire, of Columbia, for Appellant.
 Jakaya Green, pro se.
 
 
 

PER CURIAM: The Department of Corrections (the
 Department) appeals the Administrative Law Court's (ALC) order reversing Jakaya
 Green's conviction for possession of a cell phone.  The Department argues the
 ALC erred in reversing Green's conviction because the conviction was supported
 by substantial evidence.  In this case, the ALC sat in an appellate
 capacity, not as a factfinder, and because substantial evidence supported the
 Department's decision, we reverse pursuant to Rule 220(b)(1), SCACR, and
 the following authorities: MRI at Belfair, LLC v. S.C. Dep't of Health &
 Envtl. Control, 379 S.C. 1, 6, 664 S.E.2d 471, 474 (2008) ("As to
 factual issues, judicial review of administrative agency orders is limited to a
 determination whether the order is supported by substantial evidence."); State
 v. Hudson, 277 S.C. 200, 202, 284 S.E.2d 773, 774 (1981) (stating
 possession may be proven by actual or constructive possession and knowledge of
 the contraband's presence); id. at 203, 284 S.E.2d at 775 ("Where
 contraband materials are found on premises under the control of the accused,
 this fact in and of itself gives rise to an inference of knowledge and
 possession which may be sufficient to carry the case to the jury."); State
 v. Williams, 346 S.C. 424, 430-31, 552 S.E.2d 54, 57-58 (Ct. App. 2001)
 (finding inmate in constructive possession of marijuana when found in the
 inmate's assigned locker).  
REVERSED.[1]
FEW, C.J.,
 HUFF and SHORT, J.J., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.