THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Anonymous No.
 1, R.D.H., and Anonymous No. 2, R.D.H., Appellants,
 
 
 

v.

 
 
 
 South Carolina
 Department of Labor Licensing and Regulation, State Board of Dentistry, Respondents.
 
 
 

Appeal From Administrative Law Court
 Carolyn C. Matthews, Administrative Law
Court Judge

Unpublished Opinion No.  2012-UP-234  
 Heard March 20, 2012  Filed April 18,
2012

AFFIRMED

 
 
 
 Desa Ballard and Stephanie Weissenstein, both
 of West Columbia, for Appellants.
 Kenneth P. Woodington and Patrick Donell
 Hanks, both of Columbia, for Respondents. 
 
 
 

PER CURIAM: Anonymous No. 1 and No. 2, dental
 hygienists, appeal from the administrative law court's (ALC)  reconsideration of
 sections 40-15-80(B), -82(1), and -110(A)(10)  of the South Carolina Code
 (Supp. 2011) and determination that no separate standard of care exists for
 hygienists working in the public school setting. We affirm pursuant to Rule
 220(b)(1), SCACR, and the following authorities:  S.C. Code Ann. § 1-23-610(B)
 (Supp. 2011) ("The court
 may not substitute its judgment for the judgment of the administrative law
 judge as to the weight of the evidence on questions of fact."); Spartanburg
 Reg'l Med. Ctr. v. Oncology & Hematology Assocs. of S.C., LLC, 387 S.C.
 79, 89, 690 S.E.2d 783, 788 (2010) ("Judicial review of administrative
 agency decisions is therefore 'limited to a determination of whether they are
 supported by substantial evidence.'" (quotingRoper Hosp. v. Bd. of S.C. Dep't of Health
 & Envtl. Control, 306
 S.C. 138, 140, 410 S.E.2d 558, 559 (1991))); Carolina Alliance for Fair Emp't v. S.C. Dep't of Labor, Licensing, &
 Regulation, 337 S.C. 476, 490, 523
 S.E.2d 795, 802 (Ct. App. 1999) ("[A] statute must receive a practical,
 reasonable, and fair interpretation consonant with the purpose, design, and
 policy of the lawmakers."); Santee Cooper Resort v. S.C. Pub. Serv.
 Comm'n., 298 S.C. 179, 184, 379 S.E.2d 119, 122 (1989) ("Words used in
 a statute should be taken in their ordinary and popular significance unless
 there is something in the statute requiring a different interpretation.").
AFFIRMED.
PIEPER, KONDUROS, and GEATHERS, JJ., concur.