**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gregory Wright, Appellant.

Appellate Case No. 2009-113766

———————————

Appeal From Sumter County
Michael G. Nettles, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-326
Submitted April 1, 2013 – Filed July 17, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia, for Respondent, and Solicitor Ernest A. Finney, III, of Sumter, for Respondent.

———————————

**PER CURIAM:** Gregory Wright appeals his convictions on charges of possession of marijuana, trafficking in cocaine, and trafficking in crack cocaine, arguing the trial court erred in finding there was sufficient direct evidence or substantial circumstantial evidence that he constructively possessed the drugs.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Brown*, 402 S.C. 119, 124, 740 S.E.2d 493, 495 (2013) (stating that on appeal from the denial of a directed verdict in a criminal case, the appellate court "must view the evidence in the light most favorable to the State"); *id.* ("[I]f there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) (stating a directed verdict motion should be granted "when the evidence merely raises a suspicion that the accused is guilty," but also emphasizing that the trial court "is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis"); *State v. Ballenger*, 322 S.C. 196, 199, 470 S.E.2d 851, 854 (1996) (stating constructive possession of drugs occurs when the person charged with possession has dominion and control over either drugs or the premises upon which the drugs are found); *State v. Hudson*, 277 S.C. 200, 203, 284 S.E.2d 773, 775 (1981) ("Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury."); *id.* at 202, 284 S.E.2d at 775 ("Constructive possession can be established by circumstantial evidence as well as direct evidence, and possession may be shared."); *id.* (noting that both defendants "shared control of the premises" and holding there was "sufficient evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt" that one of the defendants, though he was away from the premises when the drugs were found and was arrested three hours later while driving on the interstate, "constructively possessed heroin with intent to distribute").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Wright's appellate counsel filed a brief asserting there were no meritorious grounds for appeal and requested permission to withdraw from further representation. This court denied the request and instructed the parties to file additional briefs.