**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Derrick A. McIlwain, Appellant.

Appellate Case No. 2013-000373

Appeal From Lancaster County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2014-UP-343
Submitted August 1, 2014 – Filed September 24, 2014

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; Solicitor Douglas Barfield, of Lancaster, for Respondent.

**PER CURIAM:** Derrick A. McIlwain appeals his convictions for possession of cocaine and possession of marijuana, arguing the trial court erred in (1) denying

his motion to suppress the drugs and (2) denying his motion for a directed verdict. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the motion to suppress: *State v. Morris*, 395 S.C. 600, 606, 720 S.E.2d 468, 471 (Ct. App. 2011) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm if there is any evidence to support the ruling.  The appellate court will reverse only when there is clear error." (citations omitted)); *Whren v. United States*, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."); *State v. Provet*, 405 S.C. 101, 108, 747 S.E.2d 453, 457 (2013) ("A traffic stop supported by reasonable suspicion of a traffic violation remains valid until the purpose of the traffic stop has been completed."); *id.* ("The officer may not extend the duration of a traffic stop in order to question the motorist on unrelated matters unless he possesses reasonable suspicion that warrants an additional seizure of the motorist."); *Morris*, 395 S.C. at 607, 720 S.E.2d at 471 ("Reasonable suspicion requires a particularized and objective basis that would lead one to suspect another of criminal activity." (citations and internal quotations marked omitted)).

2.  As to the directed verdict motion:  *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("When reviewing a denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 (stating an appellate court must find a case is properly submitted to the jury if any direct evidence or any substantial circumstantial evidence reasonably tends to prove the guilt of the accused); *State v. Hudson*, 277 S.C. 200, 202, 284 S.E.2d 773, 774 (1981) ("Conviction of possession of [a controlled substance] requires proof of possession-either actual or constructive, coupled with knowledge of its presence."); *id.* at 202, 284 S.E.2d at 774-75 ("To prove constructive possession, the State must show a defendant had dominion and control, or the right to exercise dominion and control, over the [controlled substance].  Constructive possession can be established by circumstantial as well as direct evidence, and possession may be shared.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**