**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Dominique Jarard Shumate, Appellant.

Appellate Case No. 2012-212057

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-410
Heard October 7, 2014 – Filed November 19, 2014

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Kate Keeney, both of Columbia, for Respondent.

**PER CURIAM:** Dominique J. Shumate appeals his convictions of trafficking cocaine base, possession of a weapon during the commission of a violent crime, distribution of cocaine base, possession of a controlled substance, and possession

of crack cocaine. He argues the trial court erred in refusing to (1) suppress evidence found pursuant to a search warrant that was returned to the chief magistrate rather than the issuing magistrate; (2) suppress evidence seized pursuant to a search warrant lacking probable cause; (3) direct verdicts of acquittal because Shumate was merely present where the drugs and weapon were found; and (4) direct a verdict of acquittal for the distribution charge. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Shumate's argument the trial court erred in failing to suppress evidence found pursuant to a search warrant that was returned to the chief magistrate rather than the issuing magistrate: S.C. Code Ann. § 17-13-140 (2014) (directing a warrant "shall be returnable to the issuing magistrate"); *State v. Weaver*, 374 S.C. 313, 323, 649 S.E.2d 479, 484 (2007) (finding the failure to observe a ministerial requirement in the execution and return of a warrant does not void the warrant unless the defendant shows prejudice); *State v. Wise*, 272 S.C. 384, 386, 252 S.E.2d 294, 295 (1979) (finding the State's failure to fulfill a ministerial requirement by not returning the warrant to the issuing magistrate within the ten-day period prescribed by law did not void the warrant because the defendant failed to show he was prejudiced by the delay).

2.      As to Shumate's argument the trial court erred in failing to suppress evidence seized pursuant to a search warrant that allegedly lacked probable cause: *State v. Bellamy*, 336 S.C. 140, 145, 519 S.E.2d 347, 349 (1999) (finding an affidavit in support of a search warrant was sufficient despite being weak on the element of the reliability of the informant because of a "strong showing of specificity, first-hand observation, and partial corroboration"); *State v. Dupree*, 354 S.C. 676, 691, 583 S.E.2d 437, 445 (Ct. App. 2003) (holding "if a controlled buy is properly conducted, the *controlled buy alone* can provide facts sufficient to establish probable cause for a search warrant"); *id.* at 685, 583 S.E.2d at 442 ("The magistrate's task in determining whether to issue a search warrant is to make a practical, common sense decision concerning whether, under the totality of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in the particular place to be searched.").

3.      As to Shumate's argument the trial court erred in failing to direct a verdict of acquittal for the distribution charge based on his mere presence: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a

directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *State v. Hudson*, 277 S.C. 200, 202, 284 S.E.2d 773, 774 (1981) ("Conviction of possession of [illegal drugs] requires proof of possession–either actual or constructive, coupled with knowledge of its presence."); *id.* at 202, 284 S.E.2d at 774-75 ("To prove constructive possession, the State must show a defendant had dominion and control, or the right to exercise dominion and control, over the [drugs]. Constructive possession can be established by circumstantial as well as direct evidence, and possession may be shared.").

4.      As to Shumate's argument the trial court erred in failing to direct a verdict of acquittal on the distribution charge: *State v. Follin*, 352 S.C. 235, 258, 573 S.E.2d 812, 824 (Ct. App. 2002) ("A motion for [judgment notwithstanding the verdict (JNOV)] is a civil trial motion, and thus it is improper for a party to move for JNOV in a criminal trial."); *State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) ("In reviewing a denial of directed verdict, issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review.").

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**