**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tiphani Marie Parkhurst, Appellant.

Appellate Case No. 2013-000909

Appeal From Spartanburg County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2015-UP-446
Heard December 9, 2014 – Filed September 9, 2015

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, for Respondent.

**PER CURIAM:** Appellant Tiphani Parkhurst appeals her conviction for trafficking in methamphetamine, arguing the circuit court erred in (1) denying her pretrial motion to dismiss because, under the plain meaning of South Carolina Code section 44-53-375(C) (Supp. 2014), the State could not establish she

attempted to manufacture methamphetamine when no methamphetamine was found in the home; and (2) denying her motion for directed verdict because no direct or substantial circumstantial evidence demonstrated she knowingly engaged in manufacturing or trafficking methamphetamine. We affirm.

1.  We find the circuit court properly denied Parkhurst's motion to dismiss the indictment based on a plain reading of the statute. *See* S.C. Code Ann. § 44-53-375(C) ("A person who . . . knowingly attempts to become in actual or constructive possession of ten grams or more of methamphetamine . . . is guilty of a felony which is known as trafficking in methamphetamine"); S.C. Code Ann. § 44-53-110(28) (Supp. 2014) ("'Methamphetamine' includes any salt, isomer, or salt of an isomer, or any mixture or compound containing amphetamine or methamphetamine."); *State v. Elwell*, 403 S.C. 606, 612, 743 S.E.2d 802, 806 (2013) ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will." (citation omitted)); *Bryant v. State*, 384 S.C. 525, 529, 683 S.E.2d 280, 282 (2009) ("The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." (citation omitted)); *State v. Amerson*, 311 S.C. 316, 320, 428 S.E.2d 871, 873 (1993) ("Appellate courts are bound by fact findings in response to motions preliminary to trial when the findings are supported by the evidence and not clearly wrong or controlled by an error of law." (citation omitted)); *State v. Cain*, Op. No. 5324 (S.C. Ct. App. filed Sept. 2, 2015) (Shearouse Adv. Sh. No. 34 at 39–46) (affirming the conviction of Parkhurst's codefendant because the circuit court properly admitted evidence regarding the theoretical yield of methamphetamine the defendant could have produced "based on empty blister packs of pseudoephedrine," as well as other components of a methamphetamine lab found in and around the home, to establish the statutory weight for trafficking in methamphetamine (citations omitted)).

2.  We find the circuit court properly denied Parkhurst's motion for directed verdict because the evidence created a quintessential jury question of whether she was involved in manufacturing or trafficking methamphetamine. *See State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State." (citation omitted)); *id.* (stating if any direct evidence or any substantial circumstantial evidence reasonably tends to prove the guilt of the accused, this court must find the case was properly submitted to the jury (citation omitted)); *State v. Hudson*, 277 S.C. 200, 202, 284 S.E.2d 773, 775 (1981) ("Constructive possession can be established by circumstantial as well as direct evidence, and possession may be shared." (citations

omitted)); *id.* at 203, 284 S.E.2d at 775 (providing in cases in which "contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession [that] may be sufficient to carry the case to the jury" (citation omitted)); *State v. Jackson*, 395 S.C. 250, 255, 717 S.E.2d 609, 612 (Ct. App. 2011) ("In drug cases, the element of knowledge is seldom established through direct evidence, but may be proven circumstantially. Knowledge can be proven by the evidence of acts, declarations, or conduct of the accused from which the inference may be drawn that the accused knew of the existence of the prohibited substances." (citations omitted)); *State v. Zeigler*, 364 S.C. 94, 101, 610 S.E.2d 859, 863 (Ct. App. 2005) ("When ruling on a motion for a directed verdict, the [circuit] court is concerned with the existence or nonexistence of evidence, not its weight." (citations omitted)).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and MCDONALD, JJ., concur.**