**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jonathan Xavier Miller, Appellant.

Appellate Case No. 2013-001860

———————————

Appeal From Richland County
Doyet A. Early, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-040
Submitted November 1, 2015 – Filed January 20, 2016

———————————

**AFFIRMED**

———————————

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Interim Senior
Assistant Deputy Attorney General John Benjamin Aplin,
and Solicitor Daniel Edward Johnson, all of Columbia,
for Respondent.

———————————

**PER CURIAM:** Jonathan Xavier Miller appeals his conviction of simple
possession of crack cocaine arguing the trial court erred in denying his: (1) motion
to suppress crack cocaine found during an inventory search of his vehicle; and (2)

his motion for a directed verdict. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Miller's pre-trial motion to suppress crack cocaine found during an inventory search of his vehicle: S.C. Code Ann. § 56-5-5635(A) (2006) ("Notwithstanding another provision of law, a law enforcement officer who directs that a vehicle be towed for any reason, whether on public or private property, must use the established towing procedure for his jurisdiction. A request by a law enforcement officer resulting from a law enforcement action, including . . . vehicle recovery incident to an arrest, is considered a law enforcement towing . . . ."); *Robinson v. State*, 407 S.C. 169, 185, 754 S.E.2d 862, 870 (2014) ("[I]f police officers are following their standard procedures, they may inventory impounded property without obtaining a warrant." (citing *Colorado v. Bertine*, 479 U.S. 367, 372-73 (1987))); *State v. Weaver*, 374 S.C. 313, 322, 649 S.E.2d 479, 483 (2007) ("We find there is no meaningful distinction to be made between vehicles parked in public and private places."); *State v. Cox*, 290 S.C. 489, 492, 351 S.E.2d 570, 571 (1986) ("No prior Supreme Court cases have recognized a distinction between vehicles parked in public and private places. Indeed, such a distinction would not harmonize with the Court's reasoning in automobile search cases.").

2. As to whether the trial court erred in denying Miller's motion for a directed verdict because the evidence presented at trial was insufficient to show Miller was in constructive possession of crack cocaine: *State v. Mollison*, 319 S.C. 41, 46, 459 S.E.2d 88, 91 (Ct. App. 1995) ("If there is any direct or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find that the issues were properly submitted to the jury."); *State v. Muhammed*, 338 S.C. 22, 27, 524 S.E.2d 637, 639 (Ct. App. 1999) ("Possession requires more than mere presence."); *State v. Hudson*, 277 S.C. 200, 202, 284 S.E.2d 773, 774-75 (1981) ("To prove constructive possession, the State must show a defendant had dominion and control, or the right to exercise dominion and control, over the [drugs]. Constructive possession can be established by circumstantial [evidence] as well as direct evidence . . . ."); *id.* at 202, 284 S.E.2d at 774 ("Conviction of possession . . . requires proof of possession-either actual or constructive, coupled with knowledge of its presence."); *State v. Hernandez*, 382 S.C. 620, 624, 677 S.E.2d 603, 605 (2009) ("In drug cases, the element of knowledge is seldom established through direct evidence, but may be proven circumstantially. Knowledge can be proven by the evidence of acts, declarations,

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

or conduct of the accused from which the inference may be drawn that the accused knew of the existence of the prohibited substances." (citing *State v. Attardo*, 263 S.C. 546, 550, 211 S.E.2d 868, 869 (1975))).

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**