**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Charles Tramayne Myers, Appellant.

Appellate Case No. 2014-002392

Appeal From Charleston County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2016-UP-321
Submitted April 1, 2016 – Filed June 22, 2016

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jennifer Ellis Roberts, both of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in denying Myers's motion for a directed verdict:  *State v. Bennett*, 415 S.C. 232, 235-36, 781 S.E.2d 352, 353-54 (2016) ("'On appeal from the denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State.'  The [c]ourt's review is limited to considering the existence or nonexistence of evidence, not its weight.  When the evidence submitted raises a mere suspicion that the accused is guilty, a directed verdict should be granted because suspicion implies a belief of guilt based on facts or circumstances which do not amount to proof.  Nevertheless, a court is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis." (citations omitted) (quoting *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014))); *State v. Muhammed*, 338 S.C. 22, 26, 524 S.E.2d 637, 639 (Ct. App. 1999) ("Conviction of possession requires proof of possession, either actual or constructive, coupled with knowledge of its presence."); *State v. Hudson*, 277 S.C. 200, 203, 284 S.E.2d 773, 775 (1981) ("Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury.").

2.  As to whether the trial court erred in charging the jury "the hand of one is the hand of all":  *State v. Brandt*, 393 S.C. 526, 550, 713 S.E.2d 591, 603 (2011) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion." (quoting *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010))); *id.* at 549, 713 S.E.2d at 603 ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial." (quoting *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003))); *id.* ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law." (quoting *Adkins*, 353 S.C. at 318, 577 S.E.2d at 464)); *id.* ("A jury charge which is substantially correct and covers the law does not require reversal.").

**AFFIRMED.**[1]

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.