**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rodriquez J. Wolfe, Appellant.

Appellate Case No. 2015-000433

―――――――――――――

Appeal From Orangeburg County
Maité Murphy, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2017-UP-238
Submitted May 1, 2017 – Filed June 7, 2017

―――――――――――――

**AFFIRMED**

―――――――――――――

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

―――――――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been

raised to and ruled upon by the [circuit court].  Issues not raised and ruled upon in the [circuit] court will not be considered on appeal."); *State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) (holding an issue not raised to the circuit court in support of a directed verdict motion is not preserved for appellate review); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the [circuit] court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("When reviewing a denial of a directed verdict, [the appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); *State v. Smith*, 316 S.C. 53, 55, 447 S.E.2d 175, 176 (1993) ("It is well settled that the grant or refusal of a new trial is within the discretion of the [circuit court] and will not be disturbed on appeal absent a clear abuse of that discretion."); *State v. Hudson*, 277 S.C. 200, 202, 284 S.E.2d 773, 774 (1981) ("Conviction of possession of [drugs] requires proof of possession—either actual or constructive, coupled with knowledge of its presence."); *State v. Lane*, 271 S.C. 68, 73, 245 S.E.2d 114, 117 (1978) ("Constructive possession, or control, occurs when the accused has 'dominion and control over either the drugs or the premises upon which the drugs were found . . . .'"  (quoting *State v. Ellis*, 263 S.C. 12, 22, 207 S.E.2d 408, 413 (1974))); *Hudson*, 277 S.C. at 203, 284 S.E.2d at 775 ("Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury."); *State v. Mollison*, 319 S.C. 41, 45, 459 S.E.2d 88, 91 (Ct. App. 1995) ("The knowledge element may be proved circumstantially by evidence of acts, declarations, or conduct of the accused from which an inference may be drawn that the accused knew of the existence of the prohibited substance.").

**AFFIRMED.**[1]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.