**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Eastman, d/b/a Grading and Landscaping Material Company, Appellant,

v.

South Carolina Department of Labor, Licensing and Regulation, South Carolina Contractor's Licensing Board, Respondent.

Appellate Case No. 2017-001797

———————————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————————

Unpublished Opinion No. 2019-UP-184
Submitted April 1, 2019 – Filed May 29, 2019

———————————

**AFFIRMED**

———————————

Melvin R. Hutson, of Melvin Hutson, PA, of Landrum, for Appellant.

Timothy Kyle Tennis, of the South Carolina Department of Labor, Licensing and Regulation, of Columbia, for Respondent.

———————————

**PER CURIAM:** David Eastman appeals the Administrative Law Court's (the ALC's) final order affirming the decision of the Contractor's Licensing Board (the Board) affirming the South Carolina Department of Labor, Licensing, and Regulation's (LLR's) citation and fine against Eastman for engaging in unlicensed contracting work. On appeal, Eastman argues the ALC erred by failing to find (1) an unlicensed contractor is not prohibited from performing small amounts of work covered by the licensing requirement and (2) the Board's decision was inconsistent with its deregulation of "heavy construction." We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Eastman's argument that unlicensed contractors are not prohibited from performing small amounts of work covered by the licensing requirement: S.C. Code Ann. § 1-23-610(B) (Supp. 2018) ("The court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *MRI at Belfair, LLC v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 1, 6, 664 S.E.2d 471, 474 (2008) ("As to factual issues, judicial review of administrative agency orders is limited to a determination whether the order is supported by substantial evidence."); *Murphy v. S.C. Dep't of Health & Envtl. Control*, 396 S.C. 633, 639, 723 S.E.2d 191, 194-95 (2012) ("When finding substantial evidence to support the ALC's decision, the [c]ourt need only determine that, based on the record as a whole, reasonable minds could reach the same conclusion."); S.C. Code. Ann. § 40-11-30 (2011) ("No entity or individual may practice as a contractor by performing or offering to perform contracting work for which the total cost of construction is greater than five thousand dollars for general contracting or greater than five thousand dollars for mechanical contracting without a license issued in accordance with this chapter."); *Dunton v. S.C. Bd. of Exam'rs in Optometry*, 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987) ("The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons."); *S.C. Energy Users Comm. v. S.C. Pub. Serv. Comm'n*, 388 S.C. 486, 491, 697 S.E.2d 587, 590 (2010) ("Under the plain meaning rule, it is not the province of the court to change the meaning of a clear and unambiguous statute."); *id.* ("Where the statute's language is plain, unambiguous, and conveys a clear, definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.").[2]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Eastman's arguments that (1) section 40-11-300(A) of the South Carolina Code (2011) provides it is unlawful to divide work into portions and (2) the ALC erred by granting the Board's interpretation deference because "there is nothing in the

2.  As to Eastman's argument that the Board's decision was inconsistent with its deregulation of "heavy construction": S.C. Code. Ann. § 40-11-360 (2011) (providing exemptions to title forty, chapter eleven's licensing requirements); S.C. Code Ann. § 49-11-130 (2008) (granting the Department of Health and Environmental Control (DHEC) authority to "provide for the certification and inspection of certain dams in South Carolina . . . to reduce the risk of failure of the dams, prevent injuries to persons and damage to property, and confer upon the department the regulatory authority to accomplish the purposes"); S.C. Code Ann. § 49-11-200 (2008) (requiring DHEC's approval of dam construction plans and specifications prior to construction); S.C. Code Ann. § 40-11-10 (2011) (providing the Board was created under the administration of LLR to "protect the health, safety, and welfare of the public through the regulation of businesses and individuals who identify, assess, and provide contract work to individuals or other legal entities").

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

statute that compels extending the licensing requirement in this situation" and the Board "has been inconsistent in interpreting the . . . minimum $5,000 cost for requiring a license" are not preserved for appellate review. *See Brown v. S.C. Dep't of Health and Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").